UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-CV-12548

BONNIE CURRAN

v.

JOHN CODDINGTON

MEMORANDUM & ORDER

February 15, 2023

ZOBEL, S.D.J.

Plaintiff Bonnie Curran had been employed by the Medford Housing Authority ("MHA") as a Housing Specialist, from 2003 until Defendant John Coddington, the MHA Executive Director, on January 5, 2017, placed her on administrative leave for repeatedly violating a range of workplace policies. After a hearing, conducted by Defendant and based on his findings, the MHA Board of Directors ("Board") accepted Defendant's recommendation and on March 8, 2017, voted to discharge Plaintiff. She appealed to the Massachusetts Civil Service Commission, which found her termination to have been without cause and ordered her reinstated.[1] In this separate lawsuit, Plaintiff claims that Defendant's conduct in relation to her employment violated her First Amendment right to freedom of speech and she seeks damages under 42 U.S.C. § 1983 for that violation.[2]

---

[1] MHA appealed to the Suffolk Superior Court, which agreed with the Commission. MHA again appealed and the Appeals Court affirmed. The Supreme Judicial Court declined further review. Plaintiff was reinstated in July 2022, but has since resigned.
[2] Although this claim arises from the same circumstances as the state proceedings, it is distinguishable because here she alleges a constitutional violation by Defendant.

1

Defendant has moved for judgment on the pleadings. He asserts that (1) as the hearing officer designated by the Board, he is entitled to quasi-judicial immunity, (2) as the Executive Director of MHA, he is entitled to qualified immunity, (3) the complaint fails to allege a constitutional violation, and (4) <u>Younger</u> abstention requires that this court not interfere with ongoing state court proceedings. Defendant's motion (Docket # 17) is allowed.

Plaintiff's difficulties with her employer started well before the arrival of Defendant and consisted largely of her alleged speaking out about improper workplace practices at MHA, such as underreporting tenant incomes, favoring applicants based on personal relationships, and failing to pay for all hours she worked. Defendant alleges that she failed to abide by workplace policies, such as working overtime hours without seeking pre-approval. In addition, two co-workers claimed to resign due to Plaintiff's conduct in the workplace. These issues resulted in multiple disciplinary actions even under the executive director before Defendant's arrival.

On January 5, 2017, Defendant notified Plaintiff that she was being placed on paid administrative leave and that the MHA Board would hold a hearing to consider her possible termination. The Board then designated Defendant the hearing officer, which Defendant accepted and carried out. After the hearing, Defendant provided the Board with his findings and recommendation. On March 8, 2017, the Board voted to adopt his recommendation and discharged Plaintiff. Plaintiff commenced this lawsuit on December 19, 2019, seeking damages for lost wages and emotional distress, as well as punitive damages and attorneys' fees.

2

Because Defendant served as the hearing officer who recommended Plaintiff's discharge to the MHA Board, he is entitled to absolute quasi-judicial immunity. See Bettencourt v. Board of Registration in Medicine, 904 F.2d 772, 782 (1st Cir. 1990) ("quasi-judicial" officials who "perform functions essentially similar to those of judges or prosecutors, in a setting similar to that of a court" are entitled to full exemption from liability) (citing Butz v. Economou, 438 U.S. 478, 508, 511-17 (1977)).

To the extent Plaintiff alleges violations of her First Amendment right to freedom of speech based on Defendant's disciplinary actions in his capacity as the MHA Executive Director, he is entitled to qualified immunity. See Mihos v. Swift, 358 F.3d 91, 101-02, 109-10 (1st Cir. 2004) (adopting a balancing test between plaintiff's interests and those of the public official). Defendant had "'legitimate interests in preventing unnecessary disruptions and inefficiencies in carrying out [the MHA's] public service mission.'" Id. at 103 (quoting O'Connor v. Steeves, 994 F.2d 905, 915 (1st Cir. 1993)). Plaintiff has not alleged a "clearly established" violation of her constitutional rights by Defendant, nor that a "reasonable officer" in Defendant's position would have known that his actions violated Plaintiff's rights. Mihos, 358 F.3d at 101-02. Therefore, Plaintiff cannot prevail against Defendant, and he is entitled to judgment in his favor.

The Motion for Judgment on the Pleadings (Docket # 17) is ALLOWED.

2/15/2023
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE